IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NINETTE BUTTS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-2542-M-BD |
| | § | |
| JP MORGAN CHASE BANK, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant JP Morgan Chase Bank, N.A. ("JPMC"), successor by merger to Chase Home Finance, LLC ("CHF"), and Mortgage Electronic Registration Systems, Inc. ("MERS"), have filed a Rule 12(b)(6) motion to dismiss this civil action brought by plaintiff arising out of foreclosure proceedings initiated against her property. In her amended complaint, plaintiff generally alleges that defendants lacked standing to initiate foreclosure proceedings because they had no ownership interest in the Promissory Note and Deed of Trust. (*See* Plf. Am. Compl. at 5-7, ¶¶ 18-25). Plaintiff also accuses defendants of improperly withholding information about her mortgage loan. (*See id.* at 6-7, ¶¶ 22, 25). By this suit, plaintiff seeks an order setting aside the foreclosure sale, an injunction preventing defendants from evicting her from the property, declaratory relief, and unspecified damages. (*See id.* at 7-14, ¶¶ 26-57). Defendants now move to dismiss plaintiff's claims on the ground that, *inter alia*, this action is barred by res judicata. Plaintiff was ordered to file a response to the motion by December 15, 2011, but failed to do so. The court therefore decides the motion without a response.

The rule of res judicata, or claim preclusion, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 1662 (2006). In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id.*, *see also Ellis v. Amex Life Insurance Co.*, 211 F.3d 935, 937 (5th Cir. 2000). In order to determine whether both suits involve the same claim or cause of action, the court uses a "transactional test." As the Fifth Circuit explained:

> Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. What grouping of facts constitutes a "transaction" or a "series of transactions" must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. If a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred.

*Test Masters*, 428 F.3d at 571 (internal citations omitted). The critical issue is whether the two suits are based on the "same nucleus of operative facts." *Id.*; *see also In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007); *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004). Where, as here, the elements of res judicata are apparent on the face of the pleadings, dismissal under Rule 12(b)(6) is proper. *See Smith v. Waste Management, Inc.*, 407 F.3d 381, 386-

87 (5th Cir. 2005); *Malveaux v. Litton Loan Servicing*, No. 3-10-CV-2049-N-BD, 2011 WL 1211355 at *2 (N.D. Tex. Feb. 7, 2011), *rec. adopted*, 2011 WL 1211347 (N.D. Tex. Mar. 30, 2011).

All four requirements of res judicata are met in this case. This is the second lawsuit filed by plaintiff against a Chase affiliate arising out of foreclosure proceedings initiated against her property. A prior action against CHF was dismissed with prejudice by a court of competent jurisdiction. *See Butts v. Chase Home Finance, LLC*, No. 3-11-CV-0262-N-BF (N.D. Tex. Jun. 8, 2011) (Doc. #8). Although JPMC and MERS were not parties to the prior action, both are in privity with CHF for res judicata purposes. JPMC is the successor by merger to CHF. (*See* Plf. Am. Compl. at 1-2, ¶ 2). This relationship is sufficient to establish privity under controlling Fifth Circuit precedent. *See Meza v. General Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990) (citing cases) (privity exists "where the non-party is the successor in interest to a party's interest in property"). MERS was the original beneficiary under the Deed of Trust before it assigned plaintiff's loan to CHF. (*See* Plf. Am. Compl., Exh. B at 1 & Exh. E at 1). As assignor of the Promissory Note and Deed of Trust, MERS shared an identity of interests with CHF in the "basic legal right that [was] the subject of litigation." *In re Erlewine*, 349 F.3d 205, 210 (5th Cir. 2003). Thus, the privity requirement has been met. *See Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 677 (5th Cir. 2003), *quoting Southwest Airlines, Inc. v. Texas Int'l Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir.), *cert. denied*, 98 S.Ct. 117 (1977) (describing privity as "nothing more than a 'legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion'"). With respect to the final element of res judicata, the court has little difficulty concluding that both the instant action and the prior litigation arise out of the "same nucleus of operative facts" -- the mortgage loan obtained by plaintiff on the subject property.

Because the claims asserted by plaintiff in her amended complaint either have been or should have been raised in the earlier suit, they are barred by res judicata. *See Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979) ("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.").

## RECOMMENDATION

Defendants' motion to dismiss [Doc. #14] should be granted. This case should be dismissed with prejudice.[1]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] Ordinarily, the court would give plaintiff an opportunity to replead in an attempt to cure the defects identified by defendants. However, plaintiff already amended her complaint once after defendants filed a Rule 12(b)(6) motion. The court therefore determines that plaintiff has pled her best case, and that further amendment will cause unnecessary delay. *See Malveaux*, 2011 WL 1211355 at *3 n.2 (citing cases).

DATED: December 28, 2011.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE